UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROSS MARRAZZO,                                           :    Civil Action No.: 2:25-cv-04183
                                                         :
                    Plaintiff,                       :
                                                         :
        -against-                                       :
                                                         :
FLAGSTAR FINANCIAL, INC., and                            :
ALESSANDRO DINELLO,                                      :
                                                         :
                    Defendants.                      :
------------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY

**WIGDOR LLP**

Michael J. Willemin
William R. Baker

85 Fifth Avenue
New York, NY 10003
Tel: (212) 257-6800

mwillemin@wigdorlaw.com
wbaker@wigdorlaw.com

*Counsel for Plaintiff*

## TABLE OF CONTENTS

| **Content** | **Page** |
|---|---|
| Table of Authorities | ii |
| PRELIMINARY STATEMENT | 1 |
| LEGAL ARGUMENT | 1 |
| I. Legal Standard | 1 |
| II. Discussion | 2 |
|     A. Defendants Have Not Shown Their Motion to Dismiss Has Merit | 2 |
|     B. Defendants Have Not Shown Discovery Will Be Burdensome or Complex | 2 |
|     C. A Stay Will Prejudice Plaintiff | 4 |
| CONCLUSION | 4 |

## TABLE OF AUTHORITIES

**Cases**                                                                                                          **Page(s)**

Allstate Ins. Co. v. Levy,
   No. 10 Civ. 1652 (FB) (VVP), 2011 WL 288511 (E.D.N.Y. Jan. 27, 2011) .......................... 2, 4

Bethpage Water Dist. v. Northrop Grumman Corp.,
   No. 13 Civ. 6362 (SJF) (WDW), 2014 WL 6883529 (E.D.N.Y. Dec. 3, 2014)......................... 2

Califano v. Roman Cath. Diocese of Rockville Ctr., New York,
   751 F. Supp. 3d 42 (E.D.N.Y. 2024) ............................................................................................ 3

Chesney v. Valley Stream Union Free Sch. Dist. No. 24,
   236 F.R.D. 113 (E.D.N.Y. 2006) .................................................................................................. 3

Hachette Distribution, Inc. v. Hudson Cnty. News Co.,
   136 F.R.D. 356 (E.D.N.Y. 1991) .................................................................................................. 2

Hollins v. U.S. Tennis Ass'n,
   469 F. Supp. 2d 67 (E.D.N.Y. 2006) ............................................................................................ 1

Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.,
   297 F.R.D. 69 (S.D.N.Y. 2013) .................................................................................................... 1

Idle Media, Inc. v. Create Music Grp., Inc.,
   No. 1:24 Civ. 00805, 2024 WL 2946248 (S.D.N.Y. June 11, 2024).......................................... 3

Khan v. New York City,
   757 F. Supp. 3d 327 (E.D.N.Y. 2024) .......................................................................................... 1

Landis v. N.A. Co.,
   299 U.S. 248 (1936)...................................................................................................................... 1

RBG Mgt. Corp. v. Vil. Super Mkt., Inc.,
   2023 WL 1996920 (S.D.N.Y. 2023).............................................................................................. 4

Rivera v. Inc. Vill. of Farmingdale,
   No. 06 Civ. 2613 (DRH) (ARL), 2007 WL 3047089 (E.D.N.Y. Oct. 17, 2007) ....................... 2

Trustees of Plumbers and Pipefitters Nat. Pension Fund v. Transworld Mech. Inc. et al.,
   886 F. Supp. 1134 (S.D.N.Y. 1995).............................................................................................. 4

United States v. Veeraswamy,
   347 F.R.D. 591 (E.D.N.Y. 2024) .............................................................................................. 1, 2

Volmar Distribs., Inc. v. New York Post Co.,
   152 F.R.D. 36 (S.D.N.Y. 1993) .................................................................................................. 4

**Rules**

Fed. R. Civ. P. 26(c)(1) ........................................................................................................... 1

## PRELIMINARY STATEMENT

Plaintiff Ross Marrazzo ("Plaintiff" or "Mr. Marrazzo") respectfully submits this brief in opposition to Defendants Flagstar Financial, Inc. and Alessandro DiNello's (collectively "Defendants") Motion to Stay Discovery. Dkt. No. 19. As set forth below, discovery can only be stayed for "good cause." Defendants have not even been granted leave to file their motion to dismiss, and assuming that they are allowed to do so, Plaintiff may amend his complaint as of right. See Dkt. No. 17. Further, there have been no discovery requests or disclosures at all yet, making the extent and burden of discovery murky. Defendants' motion is premature.

Plaintiff is opposed to Defendants' blanket proposal to delay discovery until after a motion to dismiss has been decided.

## LEGAL ARGUMENT

### I. Legal Standard

Discovery may only be stayed for "good cause." Fed. R. Civ. P. 26(c)(1). The decision to issue a stay is within the Court's discretion. See Landis v. N.A. Co., 299 U.S. 248, 254-55 (1936). Courts look to three factors when considering whether or not to grant a stay of discovery pending a motion to dismiss: "(1) whether the movant has made a strong showing that the nonmovant's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." United States v. Veeraswamy, 347 F.R.D. 591, 605 (E.D.N.Y. 2024) (quotation omitted, cleaned up).

"'A motion to dismiss does not automatically stay discovery,' and 'discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed.'" Khan v. New York City, 757 F. Supp. 3d 327, 334 (E.D.N.Y. 2024) (quoting Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd., 297 F.R.D. 69, 72 (S.D.N.Y. 2013)). This is because "[t]he mere filing of a motion to dismiss does not constitute good cause for the issuance of a stay." Hollins v.

1

U.S. Tennis Ass'n, 469 F. Supp. 2d 67, 78 (E.D.N.Y. 2006) (internal punctuation omitted). "The party seeking a stay of discovery bears the burden of showing good cause." Rivera v. Inc. Vill. of Farmingdale, No. 06 Civ. 2613 (DRH) (ARL), 2007 WL 3047089, at *1 (E.D.N.Y. Oct. 17, 2007).

## II.     Discussion

### A.     Defendants Have Not Shown Their Motion to Dismiss Has Merit

Defendants' Motion for a stay of discovery is premature. It will be impossible for the Court to assess the merits of any Motion to Dismiss without the Parties' having briefed that intended Motion. See Allstate Ins. Co. v. Levy, No. 10 Civ. 1652 (FB) (VVP), 2011 WL 288511, at *1 (E.D.N.Y. Jan. 27, 2011) (denying a motion for a stay of discovery because it would "bring the progress of the entire case to a halt merely because this defendant has made a motion of unknown merit"). Plaintiff may amend his Complaint in response to the Motion to Dismiss, further complicating the Court's inquiry into the merits of that motion at this juncture. Defendants' Motion for a Stay is not appropriate at this "stage of the litigation" due to these complications in assessing the merits of Defendants' potential motion. Hachette Distribution, Inc. v. Hudson Cnty. News Co., 136 F.R.D. 356, 358 (E.D.N.Y. 1991) (taking the stage of the litigation into account in evaluating a motion to stay discovery). Factor one, "whether the movant has made a strong showing that the nonmovant's claim is unmeritorious," militates in favor of Plaintiff's position. Veeraswamy, 347 F.R.D. at 605 (quotation omitted, cleaned up).

### B.     Defendants Have Not Shown Discovery Will Be Burdensome or Complex

Plaintiff has not served document requests, interrogatories, or deposition notices, obfuscating the extent of discovery that will be required at this time. See, e.g., Bethpage Water Dist. v. Northrop Grumman Corp., No. 13 Civ. 6362 (SJF) (WDW), 2014 WL 6883529, at *3 (E.D.N.Y. Dec. 3, 2014) (partially staying discovery in a case in which a motion to dismiss was

2

pending only after the service of discovery requests). Again, Defendants' choice to file for a stay at this juncture, before they have even been given leave to file their motion, makes it challenging to assess their claims that discovery will be burdensome.

To the extent that the burden of discovery in this case can be understood right now, it likely will not be overly complex. Only one of Plaintiff's claims, the whistleblower claim, is likely to require significant discovery. Plaintiff was employed by Defendants for approximately two years, and the timeframe of the Complaint is a mere six months. The short period of time at issue means that the breadth of discovery in this action is relatively minimal. Califano v. Roman Cath. Diocese of Rockville Ctr., New York, 751 F. Supp. 3d 42, 55 (E.D.N.Y. 2024) (holding that producing two years of records in an employment case did not represent a substantial burden). Further, this is a case with only two defendants. Should the individual defendant be dismissed, he will be subject to discovery regardless. The number of parties also does not render this case particularly complex. See Idle Media, Inc. v. Create Music Grp., Inc., No. 1:24 Civ. 00805, 2024 WL 2946248, at *3 (S.D.N.Y. June 11, 2024).

Defendants aver that "discovery is likely to require complex regulatory consultations and approvals from multiple federal agencies." Dkt. No. 19-1 at 3. However, they make this argument without any citation, without naming any regulator or regulation, and without indicating in any manner the volume of such potentially confidential material. Good cause "requires a showing of *facts* militating in favor of the stay." Chesney v. Valley Stream Union Free Sch. Dist. No. 24, 236 F.R.D. 113, 115 (E.D.N.Y. 2006) (quotation omitted, emphasis added). Defendants plainly have failed to meet their burden of showing that discovery will be so broad or so burdensome that a stay is warranted.

### C. A Stay Will Prejudice Plaintiff

Issuing a stay of discovery at this juncture would prejudice Plaintiff. As a foundational principle, "courts recognize that plaintiffs to a civil action have a 'strong interest' in their 'expeditious resolution.'" Stamile v. County of Nassau, No. 10 Civ. 2632 (SJF) (AKT), 2011 WL1754125, at *6 (E.D.N.Y. Jan. 31, 2011) (citing Volmar Distribs., Inc. v. New York Post Co., 152 F.R.D. 36, 40 (S.D.N.Y. 1993)); see also Trustees of Plumbers and Pipefitters Nat. Pension Fund v. Transworld Mech. Inc., et al., 886 F. Supp. 1134, 1140 (S.D.N.Y. 1995) ("Plaintiffs have a legitimate interest in the expeditious resolution of their case"). Further, there is a possibility of prejudice as "[t]he potential fading memories of witnesses who were part of the historical relationship between the parties weighs against a stay." RBG Mgt. Corp. v. Vil. Super Mkt., Inc., 2023 WL 1996920, at *2 (S.D.N.Y. 2023). In this case, Defendants have not been given leave to file a motion to dismiss, that motion has no briefing schedule, and the merits and contours of that motion may yet change. See Allstate Ins. Co., 2011 WL 288511, at *1 (holding that plaintiffs would be "prejudiced" by stay where "defendant has made a motion of unknown merit."). Cutting discovery off before it has even begun and without the opportunity to evaluate the actual breadth of potential discovery or the merits of Defendants' ultimate motion will prejudice Plaintiff.

### CONCLUSION

For all of these reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Stay all Discovery in anticipation of their motion to dismiss.

Dated: September 26, 2025
      New York, New York

Respectfully Submitted,

**WIGDOR LLP**

By: _____
     Michael J. Willemin

4

       William R. Baker

85 Fifth Avenue
New York, New York 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
mwillemin@wigdorlaw.com
wbaker@wigdorlaw.com

*Counsel for Plaintiff*

5

## CERTIFICATE OF COMPLIANCE

I, Michael J. Willemin, hereby certify that this Memorandum of Law complies with Section 3(C) the Individual Practice Rules of Magistrate Judge James M. Wicks and Local Civil Rule 7.1(b) of the United States District Court for the Eastern District of New York because it is in 12-point Times New Roman font and contains 1,205 words as determined by Microsoft Word, excluding the parts of the brief exempted by Section 3(C) and Local Civil Rule 7.1.

Dated: September 26, 2025
      New York, New York

                                                  Michael J. Willemin