FILED
CLERK

9/29/2025

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

2UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------X
ROSS MARRAZZO,

                      *Plaintiff*,

        -against-

FLAGSTAR FINANCIAL, INC., and
ALESSANDRO DINELLO,
                      *Defendant*s.
----------------------------------------------X

**ORDER**
25-cv-04183 (JMA) (JMW)

**A P P E A R A N C E S:**

    Michael J. Willemin
    William R. Baker
    **Wigdor LLP**
    85 Fifth Avenue
    New York, NY 10003
    *Attorneys for Plaintiff*

    Terri L. Chase
    Christian A. Bashi
    Abigael C. Bosch
    **Jones Day**
    250 Vesey Street
    New York, NY 10281
    *Attorneys for Defendants*

**WICKS**, Magistrate Judge:

Plaintiff Ross Marrazzo ("Plaintiff") recently commenced this action against Defendants Flagstar Financial, Inc. and Alessandro DiNello (collectively "Defendants") alleging (i) retaliation in violation of the Sarbanes-Oxley Act (ii) breach of contract under New York common law, and (iii) nonpayment of wages in violation of New York Labor Law ("NYLL") § 193. (*See generally*, ECF No. 1.) This case, in its infancy stages, has yet to have its Initial Conference, and now the Court is tasked with determining if a stay of discovery is warranted

pending an anticipated motion to dismiss. (*See* ECF Nos. 17-20.) Therefore, before the Court is Defendants' Motion to Stay Discovery (ECF No. 19), which is opposed by Plaintiff (ECF No. 20). For the reasons stated herein, Defendants' Motion to Stay Discovery pending the anticipated motion to dismiss (ECF No. 19) is **GRANTED**, and the Initial Conference is adjourned *sine die*.

## THE LEGAL FRAMEWORK

"Under Fed. R. Civ. P. 26(c), a district court may stay discovery during the pendency of a dispositive motion for 'good cause' shown." *Hearn v. United States*, No. 17-CV-3703, 2018 WL 1796549, at *2 (E.D.N.Y. Apr. 16, 2018). The mere filing of a dispositive motion, in and of itself, does not halt discovery obligations in federal court. *Weitzner v. Sciton, Inc.*, No. CV 2005-2533, 2006 WL 3827422, at *1 (E.D.N.Y. Dec. 27, 2006). Rather, the moving party must make a showing of "good cause" to warrant a stay of discovery. *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006). In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* (citation omitted). "Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation." *Id.*

## ANALYSIS

In sum, consideration of the three factors warrants a stay under the circumstances presented. *First*, Defendants have shown that Plaintiff's claims are unmeritorious and are unlikely to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[1]  (ECF Nos. 17, 19.)

---

[1] This conclusion is not intended to pre-judge the motion to dismiss which has yet to be briefed. The analysis is done solely for the purpose determining whether a discretionary stay is appropriate.

*Second*, if discovery were to proceed, all fact discovery and depositions would have to be taken, while waiting for a ruling on the anticipated motion to dismiss, which could end the case. And *third*, given the very early stages of this case, the risk of unfair prejudice to Plaintiff is low. Each of these factors is considered below.

I. **_Defendant's Showing that Plaintiff's Claims are Unmeritorious_**

Defendants move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the entire Complaint. (ECF No. 17.) Generally, to survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also CompassCare v. Hochul*, 125 F.4th 49, 56-57 (2d Cir. 2025) (quoting *Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014) ("a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.")). Complaints are properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.

Here, "Defendants intend to seek dismissal of all claims asserted in the Complaint, including Plaintiff's Sarbanes-Oxley Act retaliation claim, which fails to allege protected activity tied to any enumerated provision of the statute; Plaintiff's contract claim, which is barred by unsatisfied conditions precedent and other legal obstacles; and Plaintiff's wage claim, which fails as a matter of law because the severance sought is not "wages" under the NYLL." (ECF No. 19-1 at 2.) A review of the pre-motion conference letter (ECF No. 17) illustrates that Plaintiff's claims are likely to result in dismissal.

First, under the Sarbanes-Oxley Act, to state a claim for retaliation, a party must prove "that (1) [he] engaged in a protected activity; (2) the employer knew that [he] engaged in the protected activity; (3) [he] suffered an unfavorable personnel action; and (4) the protected

3

activity was a contributing factor in the unfavorable action." *La Belle v. Barclays Cap. Inc.*, 664 F. Supp. 3d 391, 405 (S.D.N.Y. 2023), *aff'd*, No. 23-448, 2024 WL 878909 (2d Cir. Mar. 1, 2024) (citing *Bechtel v. Admin. Rev. Bd., U.S. Dep't of Labor*, 710 F.3d 443, 451 (2d Cir. 2013)). However, "plaintiff's activity is 'protected' only if he (1) 'provide[s] information,' (2) 'regarding any conduct which the employee reasonably believes constitutes a violation of section 1341 [mail fraud], 1343 [wire fraud], 1344 [bank fraud], or 1348 [securities and commodities fraud], any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders,' to (3) a federal agency, Congress, or 'a person with supervisory authority over the employee.'" *Id.* (citing 18 U.S.C. § 1514A).

Defendants argue that Plaintiff do not satisfy the first element as the violations alleged do not meet the level of activity that is "protected." (ECF No. 17 at 2.) Although a cursory review of the Complaint shows indeed that the claims pleaded rely on various federal statutes that Plaintiff alleges were violated by Defendants (*see* ECF No. 1 at 6-7), many of the allegations are conclusory raising doubts as to plausibility.

Second, to adequately plead a breach of contract claim under New York law, the complaint must include allegations that (i) a contract was formed between the parties, (ii) plaintiff performed on that contract, (iii) defendant failed to perform, and (iv) resulting damages. *See Ben Ciccone, Inc. v. Naber Elec. Corp.*, 186 N.Y.S.3d 301, 303 (N.Y. App. Div. 2d Dep't 2023); *see also Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 114 (2d Cir. 2017). Here, Plaintiff alleges that a valid employment contract exists, and Plaintiff performed his obligations therein. (ECF No 1. at 11.) However, Defendants failed to perform their part by not paying a severance lump sum upon termination resulting in damages. (*Id.* at 11-12.) Defendants aver that this claim fails due to the lack of certain conditions met such as a "timely execution and

4

filing of a general release" that would allow for severance pay. (ECF No. 17 at 2-3.) Indeed, a "condition precedent is 'an act or event which, unless the condition is excused, must occur before a duty to perform a promise in the agreement arises' [and] [e]xpress conditions precedent, which are those agreed to and imposed by the parties themselves, 'must be literally performed.'" *Preferred Mortg. Brokers, Inc. v. Byfield*, 723 N.Y.S.2d 230, 231 (N.Y. App. Div. 2d Dep't 2001); *MHR Cap. Partners LP v. Presstek, Inc.*, 912 N.E.2d 43, 45 (N.Y. 2009) (same). Therefore, Defendants appear to have raised a viable defense to the breach claim, even assuming the truth of the Complaint.

Third, as for Plaintiff's claim of nonpayment of wages in violation of NYLL § 193, that section makes clear that "[n]o employer shall make any deduction from the wages of an employee." N.Y. Lab. Law § 193. However, given that Plaintiff may not be entitled to the severance pay absent a showing that certain conditions were met for the reasons stated above, Plaintiff cannot plead a claim for nonpayment of wages under the NYLL.[2]

Accordingly, this factor weighs *in favor* of granting the stay.

## II.     *Breadth of Discovery*

In the absence of a stay, the parties will have to conduct all fact discovery including depositions if the Court issues a 26(f) Scheduling Order. Plaintiff admits that "one of [the] claims, the whistleblower claim, is likely to require significant discovery," but avers that discovery "will not be overly complex." (ECF No. 20 at 3.) Whereas Defendants assert that "Plaintiff's allegations implicate sensitive banking investigations, and discovery is likely to require complex regulatory consultations and approvals from multiple federal agencies." (ECF

---

[2] Defendants also argue that severance payouts are not wages. (ECF No. 17 at 3.) However, the Court need not reach a conclusion on this matter as that is more appropriate for the motion to dismiss.

No. 19-1 at 3.) As alleged, non-parties such as federal regulators may intervene and would change the scope and cost of discovery. (*Id.*) This would create burdensome efforts that may be unnecessary if the action is dismissed or narrowed by the Court's ruling. Given the circumstances present here, granting the stay would help the parties "avoid substantial burden and waste of precious resources." *Cohen v. Saraya USA, Inc.*, No. 23-CV-08079 (NJC)(JMW), 2024 WL 198405, at *3 (E.D.N.Y. Jan. 18, 2024).

### III.    Risk of Unfair Prejudice

The Complaint was filed on July 29, 2025, and the Initial Conference, now adjourned, was set for September 29, 2025. No discovery has taken place. "Mere delay in the litigation does not establish undue prejudice." *Wiesel v. Apple Inc.*, No. 19-CV-7261 (JMA) (JMW), 2021 WL 5038764, at *3 (E.D.N.Y. Oct. 29, 2021). Courts in this Circuit grant short stays that will be vacated upon resolution of a motion to dismiss and "neither unnecessarily delay the action nor prejudice the plaintiffs thereby." *Spencer Trask Software & Info. Servs., LLC v. Rpost Int'l Ltd.*, 206 F.R.D. 367 (S.D.N.Y 2002); *Nat'l Rifle Assn'n of Am. v. Cuomo*, 2020 WL 7338588, at *4 (N.D.N.Y. 2020). Here, a short stay is not likely to cause undue prejudice. *See Maddix v. City of New York*, No. 25-CV-01909 (HG), 2025 WL 1530648, at *3 (E.D.N.Y. May 29, 2025) (granting stay absent prejudice due to early stages of litigation).

Moreover, Plaintiff has not expressed or identified any particular undue prejudice if a stay is issued. Rather Plaintiff contends that there may be a "possibility of prejudice" with potential witnesses having fading memories. (ECF No. 20 at 4.) Apart from that slim forecasted possibility, the Court finds no reason to deny the motion to stay discovery at this juncture.

Accordingly, a careful consideration of the relevant factors and the parties' submissions demonstrates that good cause indeed exists to warrant a stay of discovery pending resolution of the anticipated motion to dismiss. *See Chesney*, 236 F.R.D. at 115.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Stay (ECF No. 19) is **GRANTED**.

Dated: Central Islip, New York
September 29, 2025

S O  O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge